UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Criminal No. 07-0119(GK) |
| | : | |
| V. | : | |
| | : | |
| TROY ALAN LEWIS | : | |

GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION
FOR CHANGE IN CONDITIONS OF RELEASE

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully opposes the defendant's Motion for Change in Conditions of Release. As grounds for its opposition, the government states the following:

**Factual and Procedural Background**

1. On April 23, 2007, a Metropolitan Police Department detective working in an undercover capacity entered an Internet chat room known to him to be used by individuals who talk about having sex with young children. The detective, using the screen name, "daughterlover_Maryland" was contacted in the chat room by the defendant who used the screen name "pudendal518". The defendant asked the undercover officer whether he in fact had a daughter and the undercover indicated that he did.

2. The defendant and the undercover officer then engaged in a private on-line chat, that is one not public to the other individuals in the chat room, from approximately 3:43 p.m. until 5:18 p.m. and again from approximately 6:20 p.m to 6:29 p.m. During the initial conversation, the undercover officer indicated that he had limited sexual contact with his fictitious daughter, and that he had sexual intercourse with a ten year old girl whom he described as the daughter of a crack-

addicted prostitute. The officer sent a photograph of a young girl to the defendant, whom he called "K", and said that he was able to have sex with the child because he paid her mother money.

3. During the conversation, the defendant stated expressed interest in the undercover's purported relationship with the child. At one point the defendant asked the undercover where he thought the defendant should go that afternoon for oral sex and the undercover asked whether he wanted "anyone or preteen" (Tr. 4:43:40 p.m); the defendant said he doubted that what he wanted was available. The undercover then indicated that he might consider sharing the ten year old and that he had discussed that with others, but that he did not want to get caught in a trap and that the other individuals did not sound sincere anyway. The defendant responded : "oh, I am sincere as f.... Kinda skittish though". (Tr. 4:46:43)

4. At several points during the on-line conversation, the defendant expressed his concern that the undercover officer might be a law enforcement agent and that the defendant might be caught for his activities: "although given the topic of this discussion and 'cause I'm a little (okay, a lot) paranoid...are you a police officer or in any way connected to or associated with law enforcement (to include private groups like "perverted justice")?" (Tr. 4:24:55 pm); "...but I don't want to go somewhere and get robbed, my ass kicked or arrested."(Tr. 4:29:59)

5. After the defendant and the undercover agreed to meet in a public place prior to the meeting with the child, the defendant stated that "if the vibe isn't right" he would leave and then that as far as he was concerned the conversation with the undercover was merely a fantasy discussion and any meeting would be to discuss the fantasy "in which neither of us would ever actually indulge" (Tr. 4:52:43-4:53:28). The defendant then immediately asked about what the child's mother would think concerning someone other than the undercover's being with the child, and he and the undercover

discussed specific sex acts and whether the defendant would use a condom while engaging in sex with the child.

6. The undercover officer indicated that he did not know whether he could arrange to have the child available that evening and would contact the defendant later. After approximately an hour he contacted the defendant on-line and said that the child's mother could meet them with the child later that evening or the following evening. The defendant stated he was available that night and arranged to meet the undercover at a bar in the District of Columbia. He said his name was "Alan". At approximately 8:10 p.m., the defendant arrived at the agreed upon location. After a short conversation with the undercover officer in which they confirmed each other's on-line identities, he was placed under arrest and charged with Attempted Enticement of a Minor in violation of 18 U.S.C. §2422(b).

7. After the defendant's arrest, a search warrant was executed at his residence in Silver Spring, Maryland. In a bedroom used exclusively by the defendant, agents found a laptop computer. The image of the fictitious ten year old "K" was found on the computer. Recovered from a dresser drawer in the bedroom were still and video images of child pornography. The images depicted female children ranging in age from approximately three years old to approximately ten years old engaging in oral, anal and vaginal intercourse with adult males. One video depicted approximately fifteen girls who appeared to be three to four years of age being ejaculated on; some children were seen and heard crying, some had hoods over their heads.

8. The defendant's initial appearance took place on April 24, 2007 at which time the government moved that he be held without bond pursuant to 18 U.S.C. § 3142 (f)(1)(A). At the defendant's request the preliminary hearing was continued until May 2, 2007. On that date the

Grand Jury returned an indictment charging the defendant with Attempted Enticement of a Minor and with Interstate Travel for the Purpose of Engaging in Illicit Sex in violation of 18 U.S.C. § 2423(b). After hearing the government's proffer, and arguments of counsel, Magistrate Judge Alan Kay ordered the defendant detained pending trial, finding that no condition or combinations of conditions could reasonable assure the safety of the community if the defendant were released.

**Argument**

9.  As defense counsel has noted, detention was sought and granted pursuant to 18 U.S.C. § 3142(f)(1) after a probable cause finding that the defendant committed a crime or crimes of violence. There is a statutory rebuttable presumption that defendants for whom there is probable cause to believe have committed the offenses charged in this case, should be held without bond. The defendant asserts that the facts of this case are sufficient to rebut the presumption; we disagree.

10.  We do not contest that the defendant has no criminal record and that he has a record of professional accomplishments. He has served several years in the United States Navy, was a corpsman, obtained a commission and completed three years of medical school at the Uniformed Services University of Health Sciences. He is also, we submit, a dangerous predator with a demonstrated interest in the sexual abuse of prepubescent girls. His actions in this case demonstrate clearly that he cannot or will not, control his desire to engage in sex with children.

11.  Notwithstanding that the defendant clearly recognized the danger he faced if the undercover officer in fact were an agent of law enforcement as evidenced by his statements, he nevertheless risked his career and his freedom for the opportunity to engage in sex with a young child. His possession of images of young girls being sexually abused evidences the nature and extent of his sexual interest in children.

12. While the defendant claims that the Court's ordering him not to use a computer and electronic monitoring would serve to protect the community,[1] in fact there are no conditions of release that could ensure that he would not use the Internet or have access to children. It is true that the defendant's laptop computer has been seized by law enforcement. But Internet access is easily available through virtually any data access device including not only computers in Internet cafe's public libraries, etc, but also for example, Ipods, and cellular telephones. Nor is there a realistic method of monitoring the defendant continuously to ensure that he does not engage in contact with children.

13. We submit that nothing in the facts proffered by the defendant are sufficient to rebut the statutory presumption that he should be held without bond in this case. Accordingly, we ask that the defendant's motion be denied.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney

BY:     /s/ by Patricia Stewart
JULIEANNE HIMELSTEIN
Assistant United States Attorney
D.C. Bar No. 417136
555 4th Street, N.W. Room 4832
Washington, D.C. 20350
(202)514-8203
Julieanne.Himelstein@usdoj.gov

---

[1] Pursuant to 18 U.S.C. § 3142(c)(1)(A)(xiv), electronic monitoring would be mandated in this case if the defendant were released.