UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.

TROY ALAN LEWIS,
                Defendant.

Criminal No. 07-119 (GK)(AK)

## DETENTION MEMORANDUM

The Defendant, Troy Alan Lewis, has been charged by indictment with Attempted Coercion and Enticement of a Minor, in violation of 18 U.S.C. § 2422(b), and Travel with Intent to Engage in Illicit Sexual Conduct, in violation of 18 U.S.C. § 2423(b). The government requested a detention hearing, which was held on May 2, 2007. At the conclusion of the hearing, the Court found that the Defendant should be held without bond. This memorandum is submitted to comply with the statutory obligation that "the judicial officer shall include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1).

### Findings of Fact

The Government proceeded by proffer at the detention hearing. On April 23, 2007, an undercover detective with the Metropolitan Police Department ("MPD") entered an online group "chat room," which he knew to be used by pedophiles. In this group chat room, the detective

was contacted by an individual later determined to be the Defendant. The detective and Defendant then moved into a private chat room, where the two began a one-on-one conversation. Defendant asked the detective, "Do you have a daughter?" The detective replied that, yes, he had a daughter who was 11 years old. The two then discussed the sexual activities the detective engaged in with his fictitious daughter. The detective then spoke about another fictitious female child, a 10 year old named "K." He told Defendant that he was able to engage in various sex acts with K because he paid her mother, a prostitute, for access to the child. Defendant expressed interest in also gaining access to the child. The two then spoke about what specific sex acts the fictitious mother might allow Defendant to perform on the child. Defendant asked whether he could meet the child that night. The detective then told Defendant that he had to check with the fictitious mother, but that he would get back in touch with Defendant.

    An hour later, the detective resumed contact with Defendant in an online chat room. Defendant again expressed interest in coming into the District of Columbia to engage in sexual activity with the fictitious child. The undercover officer sent Defendant a picture of the child over the Internet. The two individuals then set up a meeting at a hotel bar in Washington, D.C.

    As planned, the detective later met Defendant at the agreed-upon location. Defendant confirmed to the detective that he was the same individual that had spoken to him online. After his identity was confirmed, Defendant was placed under arrest.

    Following Defendant's arrest, police executed a search warrant on the room of the Maryland home where he lived. On his computer, the police found the picture of the fictitious 10-year-old girl that had been sent to him by the detective. In his drawer, police located "hard core" child pornography in the form of several still photos and videos. This pornography

depicted sexual activity with children as young as two or three years old.

## Discussion

The Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq.* (hereinafter "the Act"), provides, in pertinent part, that if a judicial officer finds that "no condition or combination of conditions will reasonably assure the appearance of the person . . . [or] the safety of any other person and the community, such judicial officer shall order the detention of the [Defendant] before trial." 18 U.S.C. § 3142(e). Danger to the community alone is a sufficient basis upon which to order pretrial detention, if the judicial officer finds by clear and convincing evidence that Defendant's pretrial release would constitute an unreasonable risk of danger to the community. *United States v. Salerno*, 481 U.S. 739, 755 (1987); *United States v. Perry*, 788 F.2d 100, 113 (3d Cir. 1986); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986).

In determining whether there are conditions of release which will reasonably assure the safety of the community, the judicial officer shall take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics, including the defendant's ties to the community; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by the defendant's release. *See* 18 U.S.C. §3142(g).

The first factor, the nature and circumstances of the offense, favors detention. The charges against Defendant qualify as crimes of violence under the Bail Reform Act. *See* 18 U.S.C. §3156(a)(4)(C).

The second factor, the weight of the evidence, also favors detention. The Government

has strong physical evidence in support of their allegations against Defendant, including (1) a transcript of the detective's online conversation with Defendant, and (2) Defendant's computer, which contains the photograph sent to him by the detective.

The third factor, the history and characteristics of the Defendant, supports pretrial detention. The Defendant has no known criminal history and, at the time of the offense, was a Naval officer and medical student. His academic achievements are sharply contrasted by his alleged attempts to engage in sex with a minor, as well as his apparent penchant for pornography depicting sex acts with children as young as two years old. Furthermore, his alleged behavior in this case demonstrates an awareness of the risks he took by engaging in such activity. This awareness leaves the Court in doubt that Defendant will be able to abide by any release conditions imposed upon him.

The fourth factor, the nature and seriousness of the danger to the community should the Defendant be released, also favors detention. Although Defendant's alleged crime involved a fictitious victim, his alleged conversation with the detective indicates a willingness to engage in sexual activity with actual minors – which would pose a serious danger to any vulnerable child who crosses his path.

## Conclusion

Based upon consideration of all the evidence and the factors set forth in § 3142(g), the Court concludes by clear and convincing evidence that no condition or combination of conditions can be imposed to reasonably assure the safety of the community. The presumption in favor of

detention established by the statute has not been overcome by the Defendant in this case.

Therefore, the government's motion for pretrial detention is granted.

Dated: May  8th , 2007                    /s/
                                                            ALAN KAY
                                                            UNITED STATES MAGISTRATE JUDGE