IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA


| | |
|---|---|
| **UNITED STATES** | ) |
| | ) Cr. No. 07-0119 (GK) |
| V. | ) |
| | ) |
| **TROY LEWIS** | ) |


**DEFENDANT'S RESPONSE TO GOVERNMENT MOTION
TO INTRODUCE EVIDENCE PURSUANT TO FED.R. EVID. 404(b) AND 414**

Defendant Troy Lewis, through counsel, respectfully moves the Court to deny the government's motion to allow evidence pursuant to Federal Rules of Evidence 404(b) and 414. Should the Court allow any of this evidence, the defense requests that the quantity of the evidence be limited as it is so overwhelmingly prejudicial and needlessly cumulative.

I.   BACKGROUND

Count One of the instant indictment charges Mr. Lewis with Attempted Coercion and Enticement of a Minor (18 U.S.C. §2422(b). Count Two of the indictment charges him with Traveling with Intent to Engage in Illicit Sexual Conduct (18 U.S.C. §2423(b). According to the government, on April 23 2007, Mr. Lewis, through his computer, engaged in chat room, then private communication, with a Metropolitan Police Detective acting in an undercover capacity. There was considerable discussion about sex acts with children. Initially the conversation focused on the undercover's purported daughter; the discussion then moved to the purported 10 year old daughter of a "coke slut." The undercover advised that he had committed sex acts on the child, paying money to the "mother" for the acts. At some point the police officer sent a photograph of the purported 10 year old to Mr. Lewis. The discussion ultimately turns to the request to the undercover to "set

something up for tonight or tomorrow night." Ultimately, Mr. Lewis drove to the District, meeting the undercover officer at a bar in Chinatown, where he was arrested.

The police subsequently conducted a search of Mr. Lewis' residence. Among other things seized were a compact disk and Mr. Lewis' computer. The disk contains still and video images of sexual activity with prepubescent children, including vaginal and anal intercourse, oral sex, and urination. The children appear to be as young as two and as old as ten or eleven. On the hard drive of the computer the police found still photos of young girls. These photos do not appear pornographic, but some may be suggestive.[1]

    II.    ARGUMENTS

        A.    404(b) Evidence

Relevant evidence is defined in Rule 401, Fed. R. Evid. as follows:

> "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

Moreover, Rule 403, Fed. R. Evid. provides as follows:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

And, Rule 404(b) reads as follows:

> Evidence of other crimes, wrongs, or acts is not admissible

---

[1] Counsel cannot be more specific with respect to the hard drive, as counsel and the undercover officer attempted to view the images but were unable to enlarge them for careful viewing. The government has agreed to provide counsel with a disk of the images but as of this writing has not done so.

> to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

As a threshold matter, 404(b) evidence can be admitted only if a jury could reasonably conclude that the act occurred and that Mr. Lewis was the actor. *See United States v. Huddleston*, 485 U.S. 681, 689, (1988): "[I]n the 404(b) context, similar act evidence is relevant only if the jury can reasonably conclude that the act occurred and that the defendant was the actor." Here the government alleges that the police recovered the compact disk from a bureau in Mr. Lewis' room. But there is no indication that he viewed the disk, nor any forensic evidence that it was used in his computer or any other viewing device possessed by him.

It is axiomatic that evidence is only admissible if it is relevant. Fed. R. Evid. 401, 402. Without more the government states flatly and blithely that discovery of the proffered disk and hard drive material tends to establish Mr. Lewis' intent to commit the offenses charged. Acceptance of such evidence has crept uncritically into the case law. *See, e.g., United States v. Brand*, 467 F.3d 179 (5th Cir. 2006), cited by the government. But there is absolutely no support, no scientific/forensic/statistical documentation given for this declaration. For example, the fact that a person possesses murder/mystery novels does not tend to establish that he or she intends to commit murder. Indeed, by the government's logic a novel in a defendant's possession which refers to a firearm would be admissible in a felon in possession prosecution, a step which we submit a court would not take. In sum, the disk is only relevant unless there is some demonstrable connection

between it and the charged offenses.[2]

Although Rule 404(b) has been characterized as a rule of "inclusion rather than exclusion", *Bowie v. United States*, 344 U.S.App.D.C. 34, 40, 232 F.3d 923, 929 (D.C. Cir. 2000), the Court must also balance the probative value of the 404(b) evidence against any unfair prejudice stemming from its admission. *See* Fed. R. Evid. 403; *Crowder v. United States*, 329 U.S.App.D.C. 418, 426, 141 F.3d 1210 (D.C. 1998). Here, it is beyond cavil that the material on the disk, and, to a lesser extent, on the hard drive is exceptionably adverse to Mr. Lewis. The images and videos on the disk are, if possible, beyond explicit. Assuming, *arguendo*, that there is any relevance, which, as we state above, we vigorously dispute, introduction of evidence of questionable, indeed dubious relevance, that is so overwhelming, is unfairly prejudicial, and should be kept out.[3]

      B.    414 Evidence

Fed. R. Evid. 414 is cited by the government as another engine for admissibility, without limits, for the proffered disk and hard drive. The rule reads in pertinent part as follows:

> (a) In a criminal case in which the defendant is accused of an offense of child molestation, evidence of the defendant's commission of another offense or offenses of child molestation is admissible, and may be considered for its bearing on any matter to which is relevant.
>
> (d) For purposes of this rule and Rule 415, "child" means a person below the age of fourteen and "offense of child molestation" means a crime under federal law or the law of a State (as defined in section 513 of title 18, United

---

[2] The government has proffered no expert or statistical evidence establishing that it is more probable than not that one in possession of prepubescent child pornography intends child sexual abuse.

[3] Should the Court find any of the materials admissible, we ask that it be limited. Display of all of the images and tapes is cumulative.

4

    States Code) that involved—

    **(1)** any conduct proscribed by chapter 109A of title 18, United States Code, that was committed in relation to a child;

    **(2)** any conduct proscribed by chapter 110 of title 18, United States Code;

  The government´s motion must fail, however, because the proffered evidence (the disk and the hard drive) are <u>not</u> offenses of child molestation. Whether or not the possession of the disk and the hard drive are illegal, the crime is not one of child molestation. The conduct proscribed by chapter 109A with respect to children involves travel to engage in a sex act with a person who has not attained the age of twelve or engages in a sex act with children of twelve in certain jurisdictions. Likewise, although chapter 110 focuses on certain materials involving sexual exploitation of minors, that chapter requires, *inter alia*, that the materials have been transported or shipped in interstate commerce. Although the government claims that Mr. Lewis possessed the disk, there is no suggestion that the disk or every image or video traveled in interstate commerce. With respect to the hard drive, the images on it are not pornography.

  Finally, although Rule 414 purports to eliminate the restrictions placed on other crimes evidence by Rule 404(b), 414 is still subject to general considerations of relevance. According we reincorporate our arguments regarding irrelevance made above.

  For the foregoing reasons, and any others that may appear to the Court, Mr. Lewis and counsel ask that the government's motion be denied.

            Respectfully submitted,

       A.J. Kramer

       Federal Public Defender


By:    _____/s/_____
       Shawn Moore
       Assistant Federal Public Defender
       Attorney for Troy Lewis
       DC Bar #214171
       625 Indiana Avenue, NW #550
       Washington, DC 20004
       202/208-7500
       Fax/208-7515 or 501-3829