UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| v. | : Criminal No. 07-119 (GK) |
| TROY LEWIS, | : **FILED** |
| Defendant. | : JUL 0 5 2007 |

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## ORDER

Defendant has filed a Motion to Dismiss Count One of the Indictment for Insufficiency. Upon consideration of the Motion, the Government's Opposition, and the applicable case law, the Court concludes that the Motion should be **denied**.

Defendant is charged in Count I with Attempted Coercion and Enticement of a Minor. To establish an attempt, "the prosecution must show that the Defendant 'acted with the kind of culpability otherwise required for the commission of the crime which he is charged with attempting' and that he 'engaged in conduct which constitutes a substantial step toward the commission of the crime.'" United States v. Washington, 106 F.3d 983, 1005 (D.C. Cir. 1997), quoting United States v. Mandujano, 499 F.2d 370, 376 (5th Cir. 1974). First, as the Government demonstrates in its detailed recitation of the on-line conversation between the Defendant and the undercover officer, it is perfectly clear that the Defendant acted with the requisite "kind of culpability" required for the commission of the crime of attempted coercion and enticement of a minor. His explicit conversation with the undercover officer leaves no doubt that he was attempting to arrange for a sexual encounter with a minor in order to entice her into performing sexual acts with him.

Second, it is also clear that the Defendant took "a substantial step toward commission of the crime." In this case, the Defendant sent sexually explicit messages over the internet, traveled from his home in Maryland to a bar in the District of Columbia in order to meet the undercover officer who he thought was going to arrange the sexual encounter with a minor, and made it clear to the undercover officer that he preferred the encounter to take place sooner rather than later, i.e., the evening of their conversation or the next day.

In short, looked at in their totality, these acts demonstrate with great clarity that Defendant possessed "the kind of culpability" required to commit the crime of attempted coercion and enticement of a minor, and that he took several substantial steps toward the commission of that crime. See United States v. Thomas, 410 F.3d 1235, 1246 (10th Cir. 2005); United States v. Murrell, 368 F.3d 1283, 1286 (11th Cir. 2004); Yost v. United States, 479 F.3d 815, 820 (11th Cir. 2001).

**WHEREFORE**, it is this 5th day of July, 2007, hereby

**ORDERED**, that Defendant's Motion to Dismiss Count I of the Indictment is **denied**.

_____
Gladys Kessler
United States District Judge

**Copies via ECF to all counsel of record**