UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Criminal No. 07-119 (GK) |
| : | |
| TROY LEWIS, : | **FILED** |
| : | |
| Defendant. : | JUL 2 6 2007 |

**ORDER**  NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

On May 2, 2007, the Defendant, Troy Lewis, was indicted by a Federal Grand Jury on one count of Attempted Coercion and Enticement of a Minor in Violation of 18 U.S.C. § 2422(b) (Count One) and one count of Traveling with the Intent to Engage in Sex with a Minor in violation of 18 U.S.C. § 2423(b) (Count Two). The Government has filed a Motion in Limine to introduce evidence pursuant to Federal Rules of Evidence 404(b) and 414. The Defendant opposes the admission of any such evidence, and asks that if it is to be admitted, to limit its quantity because of its prejudicial and cumulative nature.

This case stems from an internet chat room conversation on April 23, 2007, between the Defendant and a Metropolitan Police Department Detective, acting in an undercover capacity. The Government alleges that in the course of that conversation, the Defendant and the Detective discussed in detail the Defendant's interest in having sex with a 10 year old girl. They allegedly agreed to meet that evening so that the Defendant could make final arrangements with the girl's mother for him to have sex with the child. At approximately 8:10 p.m. on that same day of April 23, 2007, the Defendant met the Detective at the agreed upon location, there was a short conversation confirming each others' on-line identifications, and he was arrested.

On April 24, 2007, a search warrant was executed at the Defendant's residence in Silver Spring, Maryland. The law enforcement agents found, in the bedroom used exclusively by the Defendant, still and video images of child erotica and pornography in a dresser drawer and on his laptop computer.

At the request of counsel, and in order to have sufficient information on which to base a ruling on the pending Motion, the Court personally viewed the materials which were seized from the Defendant's bedroom. The hard drive of the computer depicted images of young girls appearing to be between the ages of 8-13 years old, showing them in sexually suggestive poses, such as taking off their undergarments and posing provacatively for the camera. The images had titles such as: "9 year old Stephanie taking off her bra," "Boom and her Sucker," and "Yes, lick it, Boom!"

The video images found in the dresser drawer were clearly pornographic and far more explicit than those found on the computer disk. The video images depicted very young children (ranging in ages that could have been as young as 3-4 years old to 10-11 years old)[1] engaging in oral, anal, and vaginal intercourse with adult males. The images also depicted these very young children exhibiting their most intimate sexual parts to the camera.

The Court concludes, for the following reasons, that the Government's Motion should be **granted**.

**A.     Federal Rule of Evidence 404(b)**

Rule 404(b) provides that:

---

[1]     The Court is estimating the ages of the children. These estimates are difficult to make because the children are often depicted in poses, activities, and clothes which one would never ordinarily see in a child of this age range.

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. . . .

In short, evidence of "other crimes, wrongs, or acts" is admissible for any non-propensity purpose. In this case, the Government offers the evidence in question to demonstrate the motive and intent of the Defendant which it must prove under Counts 1 and 2 of the Indictment.

In a long line of cases, our Court of Appeals has emphasized that Rule 404(b) is a rule of inclusion, rather than exclusion, and that " '<u>any</u> purpose for which bad acts evidence is introduced is a proper purpose so long as the evidence is not offered <u>solely</u> to prove character.' " <u>United States v. Cassell</u>, 292 F.3d 788, 795 (D.C. Cir. 2002) (emphasis in original); <u>see also</u> <u>United States v. Bowie</u>, 232 F.3d 923, 930 (D.C. Cir. 2000).

Under Count 1, the Government must prove that the Defendant attempted to entice the child to engage in sexual conduct and under Count 2, the Government must prove that the Defendant traveled with the intent to engage in sexual conduct with the child. Evidence that the Defendant collected videotapes and pictorial images of very young girls engaging in explicit sexual acts and posing suggestively can clearly provide evidence from which the jury may infer his motive, intent and state of mind as to the charged offenses. As recently as April of this year, our Court of Appeals reiterated in <u>United States v. Douglas</u>, 482 F.3d 591, 597 (D.C. Cir. 2007), that " '[i]ntent and knowledge are also well-established non-propensity purposes for admitting evidence of prior crimes or acts,'" <u>quoting</u> <u>Bowie</u>, 232 F.3d at 930. <u>See also</u> <u>United States v. Brand</u>, 466 F.3d 179, 196-201 (5th Cir. 2006).

In addition, there is also a well-established exception to the non-propensity use of other crimes evidence, accepted by both our Court of Appeals in this Circuit and the District of Columbia Court of Appeals, holding that evidence relating to the propensity of a defendant to commit sexual crimes, particularly those against children, is admissible under Rule 404(b). See United States v. Long, 328 F.3d 655, 661-63 (D.C. Cir. 2003); Hodge v. United States, 146 F.2d 849 (D.C. Cir. 1942); Howard v. United States, 663 A.2d 524, 528-30 (D.C. 1995) (mental disposition of defendant at some prior time is admissible in prosecutions for sexual offenses); Pounds v. United States, 529 A.2d 791, 794 (D.C. 1987); Dyson v. United States, 97 A.2d 135, 137-38 (D.C. 1953) (evidence of other crimes admissible to show "lustful disposition" or "unusual sexual preferences").

Thus, it is clear that the evidence is admissible under Rule 404(b).

**B.   Federal Rule of Evidence 414**

The Government also seeks admission of this evidence under Rule 414.

First, the Government argues that Rule 414 is applicable to "both a charged offense and the evidence that the Government seeks to admit of offenses of child molestation as defined by Fed. R. Evid. 414(d)." Govt. Mot. at 8. The Government is simply wrong that Rule 414 applies to the charged offense itself.

The language of Rule 414 does not support the Government's position. The Rule provides that in a criminal case "in which the defendant is accused of an offense of child molestation, evidence of the defendant's commission of another offense or offenses of child molestation is admissible. . . " (emphasis added). It is clear from this language that the Rule is differentiating between evidence of the offense of child molestation being charged ("an offense") and evidence of the defendant's commission of "another offense" of child molestation.

Second, the Government is correct that Rule 414 applies to other offenses of child molestation as defined in Rule 414(d). Possession of child pornography, shipped or transported in interstate or foreign commerce, is, as the Government argues, "conduct proscribed by chapter 110 of title 18, United States Code" and, therefore, is covered by Rule 414(d)(2). For that reason, evidence seized from the Defendant's bedroom showing child pornography he had been collecting, which is conduct proscribed by 18 U.S.C. § 2252A(a)(5)(B), is admissible under Rule 414 to show his propensity to commit other sexual offenses against children.

C.   **Federal Rule of Evidence 403**

After deciding that evidence is admissible under both Rule 404(b) and Rule 414, the Court must determine whether it should be excluded under Rule 403. Initially, it must be noted that Rule 403 "tilts, as do the rules as a whole, toward the admission of evidence in close cases." United States v. Moore, 732 F.2d 983, 987, 989 (D.C. Cir. 1984).

The first inquiry is whether the other crimes evidence is relevant to the issues in this case. The Court has already ruled that it is relevant to motive and intent under Rule 404(b) and propensity under Rule 414. The second inquiry is whether its probative value is substantially outweighed by the damage of unfair prejudice. There is no question that the evidence in issue will be exceedingly prejudicial to the Defendant. It is fair to say that most jurors will find it very disturbing given its graphic nature. However, for many jurors, it is truly impossible to understand the motivation and thought processes of an individual who sexually molests or assaults children. Over the years, such evidence has been allowed in so that jurors can understand the "predisposition to gratify special desires" of this nature. Pounds, 529 A.2d at 794.

All evidence introduced by the prosecution, so long as it is relevant, is prejudicial in that its purpose is to prove the defendant guilty of a crime. In this case, the prosecution is required, as noted earlier, to establish the motive and intent of the Defendant. The fact that the evidence in question depicts disturbing images, and to that extent is probative, and therefore prejudicial, does not justify exclusion under Rule 403. The evidence is highly probative of essential elements of the Government's case, i.e., motive and intent. The Court concludes that its probative value on those issues far outweighs the danger of unfair prejudice.[2] See Long, 328 F.3d at 663-65.

**WHEREFORE**, it is this 26th day of July, 2007, hereby

**ORDERED**, that the Government's Motion in Limine is **granted**.

/s/ Gladys Kessler
Gladys Kessler
United States District Judge

---

[2]   The Court has made sure that cumulative and irrelevant photographs are excised from the materials. Appropriate limiting instructions will also be given.