UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **Crim. No. 07-0119 (GK)** |
| v. | : | |
| | : | Trial:  September 10, 2007 |
| **TROY LEWIS,** | : | |
| Defendant. | : | |

## JOINT PROPOSED VOIR DIRE

This is a criminal case.  The Government has charged the defendant, Troy Lewis, with one count of Attempted Coercion and Enticement of a Minor and one count of Traveling with the Intent to Engage in Sex with a Minor.  The Government alleges that on April 23, 2007, Mr. Lewis, while inside his residence in Silver Spring, Maryland, communicated with an undercover officer, whom the defendant believed was a pedophile, and attempted to arrange an encounter with a ten-year-old child in Washington, D.C., in order to entice her into performing sexual acts with him. The Government further alleges that Mr. Lewis then traveled to Washington, D.C., with the intent to engage in sexual conduct with the child.  Mr. Lewis maintains that he is innocent of this charge.

*Joint Proposed Voir Dire Questions*

The process of jury selection is called voir dire, and its object is to select twelve jurors and two alternates who have no prior knowledge concerning this case and no bias toward either side in this case. In short, it is our aim to select a jury that will reach a verdict based solely upon the evidence presented in this courtroom and the law as I instruct you. I will now ask you a series of questions. Before each question, I will give you the number of the question. If your answer to a question is yes, please write the number of the question down on the card which has been provided to you. If you do not have an index card and pen, please raise your hand now.

1. The government alleges that the charged offense occurred in the late afternoon and evening hours of April 23, 2007, in both Silver Spring, Maryland and at the Red Roof Inn in Northwest Washington, D.C. Based on this information, does any member of the jury panel believe that he or she knows anything about this case?

2. The United States is represented by Assistant United States Attorneys Julieanne Himelstein and Jocelyn Ballantine. Does any member of the panel know either Ms. Himelstein or Ms. Ballantine?

3. Mr. Lewis is represented by Shawn Moore. Does any member of the panel know Mr. Moore?

4. Mr. Lewis is an officer with the United States Navy and is a medical student at the Bethesda Naval Hospital. Mr. Lewis resides in Silver Spring, Maryland. Do any of you know Mr. Lewis?

5. You may hear testimony from or about the following persons: [*List to be provided at trial*]. Does any member of the panel know any of these prospective witnesses?

6. The defendant, Mr. Lewis, has no obligation to present any evidence or witnesses. If, however, he and his counsel choose to call a witness or witnesses, you may hear testimony from or about the following persons: [*List to be provided at trial*]. Does any member of the panel know any of these prospective witnesses?

7. Please take a moment to look around the room at your fellow panel members. Do any of you know any other member of the jury panel?

8. Mr. Lewis is charged with enticing a person whom he thought was a ten-year-old child, and traveling from Maryland to Washington, D.C., to engage in sexual contact with that child. In fact, the person with whom he communicated was a law enforcement officer, posing as a pedophile.

   8A. Do you have such strong feelings about this type of offense that the nature of this charge itself would make it difficult for you to render a fair and impartial verdict if you are chosen as a juror?

   8B. Many of you have children yourselves. **Do any of you have children under the age of 16?** Have you, your close friends or relatives, or any of your children had experiences that would make it difficult for you to be fair and impartial in this case?

   8C. Does the fact that this was an undercover operation and that the child did not exist in fact affect your ability to be fair and impartial?

9. As part of the Government's presentation you will also hear evidence that Mr. Lewis possessed child pornography, including graphic and often violent photographs and video clips of very young children engaged in sexual conduct with adult males. During the trial, you will see these photographs and video clips. In some instances, you will also hear the accompanying audio soundtrack. Will the vivid and explicit nature of these materials affect your ability to be fair and impartial?

10. One of the fundamental principles of our legal system is that when a person is brought to court charged with a crime, that person is presumed innocent unless and until the government presents evidence that convinces you of guilt beyond a reasonable doubt. Would you have any difficulty in applying this principle of law?

11. There has been an indictment in this case. An indictment is merely a formal way of presenting charges. It is a way to inform Mr. Lewis, the Court and the members of the jury what he is charged with. It has no other purpose. Is there anyone here who would presume Mr. Lewis is guilty merely because an indictment formally charged him with a crime?

12. The government has the burden of proving Mr. Lewis guilty. This burden of proof never shifts to the defendant. Would you have any difficulty in applying this principle of law?

13. If you are chosen to sit as a juror, at the end of this case the Court will instruct you as follows: "If you find that the government has proven beyond a reasonable doubt every element of the offense with which the defendant is charged, you must find him

guilty. On the other hand, if you find the government has failed to prove any element of the offense beyond a reasonable doubt, you must find the defendant not guilty." Would you, for any reason, not be able to follow this instruction?

14. The law requires that jurors weigh the evidence in a case and reach a verdict based solely upon the admitted evidence and instructions of law, without any regard whatsoever for what the potential punishment might or might not be. Would you have any difficulty at all in following this principle?

15. Anyone who is selected to serve on this jury will take an oath to follow the law as instructed by this Court. Would you for any reason not be able to accept and follow my instructions regarding the law?

16. Some of the government witnesses in this case are police officers. Do any of you believe that police officers are more or less credible than other witnesses simply because they are police officers?

17. Have you or any of your relatives or any close friends ever worked, in any capacity, for (or have an application pending to work for) any type of law enforcement agency, including: the Metropolitan Police Department, the Federal Bureau of Investigation, the United States Secret Service, the Internal Revenue Service, the United States Marshals Service, the United States Park Police, the Bureau of Immigration and Customs Enforcement, or any other federal, state or local law enforcement agency?

18. Has any member of the jury panel, or any of your immediate family members or close friends studied law or had any legal training?

19. Have you, your relatives, or close friends ever worked, in any capacity, for (or have an application pending to work for) a local, state, or federal prosecutor's office, such as the D.C. Attorney General's Office, the United States Attorney's Office, or a state's attorney or commonwealth attorney?

20. Have you or any of your relatives or any close friends ever worked, in any capacity, with or for (or have an application pending to work for) a defense attorney or an investigator working for a defense attorney?

21. Have any of you formed special opinions concerning defense attorneys, prosecutors or accused persons that would affect you in deciding this case?

22. Have you, your relatives, or close friends ever worked for the court system as a clerk, probation officer, parole officer, or in any other capacity?

23. Has any member of the jury panel ever served as a grand juror or a petit juror?

24. Anyone who is selected to serve on this jury will take an oath to follow the law as instructed by this Court. Would you, for any reason, not be able to accept and follow the Court's instructions about the law?

25. Has any member of the jury panel, or any of your relatives or close friends, been a witness to, a victim of, or arrested for and/or charged with a crime?

26. Is there any member of the jury panel who has any moral, religious or philosophical convictions which would make it difficult for you to pass judgment on another person or to render a judgment in this case based solely upon the evidence presented during trial?

27.   Are you *or any of your close relatives or friends* a member of a crime prevention organization such as the Orange Hats or Neighborhood Watch? Are you a member of, or have you contributed to, any group advocating the protection of children from child abuse? And, finally, are you on any listservs or other notification programs that provide information concerning sexual crimes in your area?

28A. Do you watch, or have you watched, any television programs such as "To Catch a Predator"?

28.   Are there any among you who have a hearing problem, uncorrected by a hearing device, or a problem with your eyesight, uncorrected by glasses, such that it would make it difficult for you to hear or see the evidence presented in this case?

29.   Do any of you have an illness or other medical condition which would make it difficult for you to sit as a juror?

30.   Do any of you need to take any medication which might cause drowsiness or otherwise make it difficult for you to remain alert and attentive during these proceedings?

31.   The presentation of the evidence in this case is expected to take two days, after which the jury will begin deliberations. Is there any member of the jury panel who has an urgent or extremely important matter to attend to such that he or she would be faced with a hardship if selected for the jury in this case?

32.   It is neither Mr. Lewis' nor his attorney's responsibility to prove Mr. Lewis innocent. Because Mr. Lewis is presumed innocent, he need not testify, nor offer any evidence.

Would you view his and his attorney's decision not to put on a defense as evidence of guilt?

33. Do any of you know of any reason whatsoever, not covered by the Court's questions, why you could not or should not sit as a juror in this case or why you could not render a fair and impartial verdict based upon the evidence and the law as you shall hear it?

Respectfully Submitted,

By:

JULIEANNE HIMELSTEIN
Assistant United States Attorney
555 Fourth Street, N.W., Room 4832
Washington, D.C. 20530
(202) 514-8203
julieanne.himelstein@usdoj.gov


JOCELYN BALLANTINE
Assistant United States Attorney
555 Fourth Street, N.W., Room 4832
Washington, D.C. 20530
(202) 514-7533
jocelyn.ballantine2@usdoj.gov