UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | Crim. No. 07-119 (GK) |
| v. | : | |
| | : | |
| | : | Trial:  September 10, 2007 |
| TROY LEWIS, | : | |
| | : | |
| Defendant. | : | |

**JOINT PROPOSED JURY INSTRUCTIONS**[1]

The United States submits the following jury instructions:

*Instructions Before and During Trial*
1.02     Notetaking
1.03     Preliminary Instruction Before Trial
1.04A    Stipulation of Fact
1.05     Cautionary Instruction Prior to First Recess
1.07     Question Not Evidence (if necessary)
1.08     Expert Testimony (if necessary)
1.10     Evaluation of Prior Inconsistent Statement of a Witness (if necessary)
1.11     Evaluation of Prior Consistent Statement of a Witness (if necessary)
1.13     **Impeachment by Proof of Conviction of a Crime — Defendant (if necessary)**
1.15     Cautionary Instruction-Photograph of Defendant

*Final Instructions*
2.01     Function of the Court
2.02     Function of the Jury
2.03     Jury's Recollection Controls
2.04     Evidence in the Case
2.05     Statements of Counsel
2.06     Indictment or Information Not Evidence
2.08     Burden of Proof — Presumption of Innocence
**2.09     Reasonable Doubt**
2.10     Direct and Circumstantial Evidence
2.11     Credibility of Witnesses
2.13     Number of Witnesses
2.14     Nature of Charges Not to Be Considered
2.26     Police Officer's Testimony
2.27     Right of Defendant Not to Testify

---

[1]     Instructions in bold print have been proposed by defense counsel and are objected to by counsel for the United States.

| | |
|---|---|
| 2.28 | Defendant as Witness |
| 2.42 | Character And Reputation of Defendant (if necessary) |
| 2.43 | Cross-Examination of Character Witness (if necessary) |
| 2.52 | Multiple Counts–One Defendant |
| 2.71 | Selection of Foreperson |
| 2.72 | Unanimity |
| 2.73 | Exhibits During Deliberations |
| 2.74 | Possible Punishment Not Relevant |
| 2.75 | Communications Between Court and Jury During Jury's Deliberations |
| 2.76 | Furnishing the Jury with a Copy of the Instructions |

*Definitions and Proof*

| | |
|---|---|
| 3.02 | Proof of State of Mind |
| 3.07 | "On or About" — Proof of |

**COUNT ONE:  ATTEMPTED COERCION AND ENTICEMENT OF A MINOR**

The defendant is charged in Count One of the Indictment with using a facility of interstate commerce to attempt to persuade, induce, entice, or coerce a minor to engage in an unlawful sexual act with him.

Title 18, United States Code, Section 2422(b) provides, in pertinent part, that whoever, using any facility or means of interstate or foreign commerce, knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years to engage in any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be guilty of an offense against the United States.[2]

<b>Essential Elements</b>

In order for the defendant to be found guilty of Count One, the charge of enticement and coercion, the United States must prove each of the following elements beyond a reasonable doubt:

First: that the defendant knowingly used a facility or means of interstate commerce, that is, the telephone or the Internet;

---

[2]  18 U.S.C. § 2422(b).

Second: that the defendant used the telephone or the Internet to knowingly attempt to persuade or induce or entice or coerce a person who the defendant believed to be under eighteen years of age to engage in sexual activity; and

Third: that the sexual activity was in violation of District of Columbia law.

### The Internet Is A Facility Or Means

With respect to the first element of the offense, that the Defendant used a facility or means of interstate commerce, using a facility or means of interstate commerce means employing or using any method of communication between one state and another. A telephone is considered a facility or means of interstate commerce, whether it is used in the traditional manner, or whether it is used in conjunction with a computer and modem. In addition, the Internet is considered a facility or means of interstate commerce. As long as the electronic or oral communications travel between one state and another, there has been a use of a facility or means of interstate commerce.[3]

### Direct Communication With a Minor is Unnecessary

With respect to the second element, that the defendant attempted to persuade or induce or entice or coerce a person who the defendant believed to be under the age of eighteen to engage in sexual activity, I instruct you that the person with whom the defendant communicated need not be an actual minor in order for the defendant to be guilty of the charge.

---

[3] 2 Devitt, Blackmar & O'Malley, Federal Jury Practice and Instruction § 46.04 (4th ed. 1990) (modified by deleting paragraphs 1, 3 and 4 and altering paragraph 2, which reads as follows in its original form, "The term 'uses any facility in interstate . . . commerce' means employing or utilizing any method of communication or transportation between one state and another. The term 'uses any facility in interstate . . . commerce', for example, includes the use of the telephone and the mails.") ; United States v. Kammersell, 7 F. Supp. 2d 1196, 1200 (D. Ut. 1998), aff'd, 196 F.3d 1137 (10th Cir. 1999); United States v. Carroll, 105 F.3d 740, 742 (1st Cir. 1997); United States v. Thomas, 74 F.3d 701, 714 (6th Cir. 1996).

First, I instruct you that it is not a defense to Count One that the minor child did not, in fact, exist. The government must only prove that the person the defendant <u>believed</u> he would attempt to persuade or induce or entice or coerce to engage in sexual activity was a minor.[4]

Second, I instruct you that the it is not a defense to Count One that the defendant did not directly communicate with the fictitious minor child. Direct communication with the minor the defendant intended to attempt to persuade or induce or entice or coerce to engage in sexual activity is unnecessary. Here it is alleged that the defendant communicated with an adult intermediary who claimed to have access to a fictitious minor child. The government must prove ***(beyond a reasonable doubt)*** that the defendant believed that he was communicating with someone who could arrange for the defendant to engage in various sexual activities with a minor.[5]

In addition, the sexual act does not need to have been completed in order to find the defendant guilty of the charge. Moreover, the ability to successfully complete the sexual act is immaterial. It is not a defense to the charge that, as a result of circumstances unknown to the defendant, he was unable to complete the intended sexual act or acts.[6]

### It Is A Crime To Have Sex With A Child

With respect to the third element of the offense, that the sexual activity violated District of Columbia law, I instruct you, as a matter of law, that it is a crime under Title 22, District of Columbia Code, Section 3008, to engage in sexual conduct with a minor.

---

[4] <u>United States v. Farmer</u>, 251 F.3d 510 (5th Cir. 2001).

[5] <u>United States v. Murrell</u>, 368 F.3d 1283, 1288 (11th Cir. 2004)

[6] <u>United States v. Aigbevbolle</u>, 827 F.2d 664 (10th Cir. 1987); <u>United States v. Kufrovich</u>, 997 F. Supp. 246, 257 (D. Conn. 1997).

**COUNT TWO: TRAVEL WITH INTENT TO ENGAGE IN ILLICIT SEXUAL CONDUCT**

The defendant is charged in Count Two of the Indictment with traveling in interstate commerce for the purpose of engaging in illicit sexual conduct.

Title 18, United States Code, Section 2423(b), states that a person who knowingly travels in interstate commerce for the purpose of engaging in any illicit sexual conduct is guilty of an offense against the United States.

### Essential Elements

In order for the defendant to be found guilty of Count One, the charge of traveling in interstate commerce for the purpose of engaging in illicit sexual conduct, the United States must prove each of the following elements beyond a reasonable doubt:

First: that the defendant traveled in interstate commerce. A person traveled in interstate commerce when he traveled from one state to another state. For the purpose of this offense, the District of Columbia is considered a state; and

Second: that the defendant's purpose in traveling in interstate commerce was to engage in illicit sexual conduct.[7]

### Illicit Sexual Conduct Defined

With respect to the charge contained in Count One of the indictment, "illicit sexual conduct" means a sexual act, as defined for you in the next instruction, with an individual younger than 18 years of age where the sexual act would have been a violation of federal criminal law, specifically Chapter 109A.

---

[7] 18 U.S.C. § 2423(b).

**Sexual Act Defined**

A "sexual act" as defined by Title 18, United States Code, Section 2246, includes:

a. contact between the penis and the vulva or the penis and the anus, involving penetration, however slight;

b. contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus;

c. the penetration, however slight, of the anal or genital opening of another by a hand or finger or by any object, with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person; or

d. the intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person.[8]

**Defendant's Intent**

The United States does not need to prove that the defendant's only purpose or even his dominant purpose for traveling in interstate commerce was to engage in a sexual act with a minor. It is enough if one of the defendant's motives in traveling in interstate commerce was to engage in an unlawful sexual act, as defined by Title 18, United States Code, Section 2246, with a minor.[9] *(The government does not have to prove that the defendant actually engaged in illicit sexual conduct, but must prove that he traveled with the intent to engage in such conduct).*

**Not In Fact A Child-Not A Defense**

The crime of traveling in interstate commerce for the purpose of engaging in illicit sexual conduct is completed when the defendant travels across state lines with that purpose. The person with whom the defendant intended to engage in a sexual act does not need to be an actual minor in

---

[8] 18 U.S.C. § 2246(2).

[9] United States v. Meacham, 115 F.3d 1488, 1495 (10th Cir. 1997).

order for the defendant to be guilty of the charge. The government need only prove that the defendant believed that the person was a minor. In addition, the sexual act does not need to have been completed in order to find the defendant guilty of the charge. ***Moreover, the ability to successfully complete the sexual act is immaterial. It is not a defense to the charge that, as a result of circumstances unknown to the defendant, he was unable to complete the intended sexual act or acts. Similarly, it is not a defense to the charge that the person with whom the defendant intended to engage in the illicit sexual conduct was not, in fact, a minor, so long as the defendant believed her to be a minor.[10]*** You have heard evidence in this case that the ten year old girl identified as "k" or "lil k" did not exist. The fact that the ten year-old girl was non-existent is immaterial to your deliberations.[11]

---

[10] United States v. Aigbevbolle, 827 F.2d 664 (10th Cir. 1987); United States v. Kufrovich, 997 F. Supp. 246, 257 (D. Conn. 1997).

[11] United States v. Debeir, 186 F.3d 561 (4th Cir. 1999).

2.09     Reasonable Doubt

*Government's Proposed Special Instruction on Reasonable Doubt*

The government requests that in place of Instruction 2.09 from *Criminal Jury Instructions for the District of Columbia*, this Court give Instruction 21, Definition of Reasonable Doubt, from *Pattern Criminal Jury Instructions*, which was approved by this circuit in *United States v. Taylor*, 997 F.2d 1551, 1555-56 (D.C. Cir. 1993). That instruction reads as follows:

> As I have said many times, the government has the burden of proving the defendant guilty beyond a reasonable doubt. Some of you may have served as jurors in civil cases, where you were told that it is only necessary to prove that a fact is more likely true than not true. In criminal cases, the government's proof must be more powerful than that. It must be beyond a reasonable doubt. Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. There are very few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt. If, based on your consideration of the evidence, you are firmly convinced that the defendant is guilty of the crime charged, you must find him guilty. If on the other hand, you think there is a real possibility that he is not guilty, you must give him the benefit of the doubt and find him not guilty.

Respectfully submitted,

BY: _____
JULIEANNE HIMELSTEIN
Assistant United States Attorney
555 Fourth Street, N.W., Room 4832
Washington, D.C. 20530
(202) 514-8203
Julieanne.Himelstein@usdoj.gov


BY: _____
JOCELYN BALLANTINE
Assistant United States Attorney
555 Fourth Street, N.W., Room 4237
Washington, D.C. 20530
(202) 514-7533
Jocelyn.Ballantine2@usdoj.gov